PAR/ELB USAO# 2022R00717

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. GLR 23cr26 |
| | * | |
| RYAN E. DALES, | * | (Possession of a Firearm by a |
| | * | Prohibited Person, 18 U.S.C. |
| Defendant. | * | § 922(g)(1); Wire Fraud, 18 U.S.C. |
| | * | § 1343; Forfeiture, 18 U.S.C. §§ 924(d) |
| | * | and 981(a)(1)(C), 21 U.S.C. § 853(p), 28 |
| | * | U.S.C. § 2461(c)) |

*******

## INDICTMENT

### COUNT ONE
### (Possession of a Firearm by a Prohibited Person)

The Grand Jury for the District of Maryland charges that:

On or about January 20, 2023, in the District of Maryland, the defendant,

**RYAN E. DALES,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, *to wit*, a 9mm Smith & Wesson M&P 9c firearm, S/N: HDW0599, and the firearm was in and affecting commerce.

18 U.S.C. § 922(g)(1)

## COUNT TWO
## (Wire Fraud)

The Grand Jury for the District of Maryland further charges that:

At all times relevant to this Indictment:

1. Defendant **RYAN E. DALES** was a resident of Baltimore City, Maryland.

### Maryland Unemployment Insurance

2. In Maryland, a former employee of a business who has lost his or her job can contact the Maryland Department of Labor ("MD DOL") to submit a claim for unemployment insurance ("UI") benefits. Claims for UI benefits are commonly submitted electronically through the use of the Internet and internet-capable computers or other electronic devices. If the former employee meets certain requirements, including having received sufficient wages prior to separation, the former employee/applicant becomes eligible to receive UI benefits.

### The Effect of COVID-19 on State Unemployment Insurance

3. On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act was signed into law. It expanded states' ability to provide UI for many workers impacted by the COVID-19 pandemic, including for workers who were not ordinarily eligible for unemployment benefits.

4. The CARES Act created the Pandemic Unemployment Assistance ("PUA") program. Under PUA, states are permitted to provide PUA to individuals who are self-employed, seeking part-time employment, or otherwise would not qualify for regular UI compensation.

5. To qualify for PUA benefits, an individual must not be eligible for regular UI benefits and be unemployed, partially unemployed, or unable or unavailable to work because of certain health or economic consequences of the COVID-19 pandemic.

### The Scheme to Defraud

6. Beginning in or about December 2020 and continuing through in or about

September 2021, in the District of Maryland, and elsewhere, the defendant,

**RYAN E. DALES,**

did knowingly and willfully devise and intend to devise a scheme and artifice to defraud the State of Maryland, to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute the scheme to defraud, did knowingly and willfully transmit and cause to be transmitted by means of wire communications, in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1343.

### The Object of the Scheme to Defraud

7. It was the object of the scheme to defraud for **DALES** to personally enrich himself by obtaining unlawful COVID-19 benefits funds though the submission of fraudulent claims for UI benefits.

### Manner and Means of the Scheme to Defraud

8. It was part of the scheme to defraud that **DALES** submitted applications for UI benefits that contained false statements, misrepresentations and omissions related to his employment, his eligibility to receive UI benefits, and his purported businesses, including their existence, operation, and profits.

9. It was further part of the scheme to defraud that on or about December 18, 2020, **DALES** opened an account at Wells Fargo, a financial institution insured by the Federal Deposit Insurance Corporation and doing business throughout the United States, with an account number ending in 5769 (the "5769 Account"). **DALES** was the sole signatory on the account.

10. It was further part of the scheme to defraud that **DALES** provided the 5769 Account as the bank account into which the UI benefits were to be deposited.

11. It was further part of the scheme to defraud that, in order to obtain UI benefits, **DALES** submitted a fictitious tax form in connection with his claim for UI benefits.

12. It was further part of the scheme to defraud that when **DALES** applied for UI benefits, he caused interstate wire communications, including from Maryland to outside of Maryland.

13. It was further part of the scheme to defraud that **DALES** sent email messages about applying for UI benefits.

14. It was further part of the scheme to defraud that **DALES** obtained, and attempted to obtain, more than $25,000 through materially false and fraudulent pretenses, representations and promises in connection with his claims for UI benefits.

## THE CHARGE

15. On or about the date set forth below, in the District of Maryland and elsewhere, **DALES**, for the purpose of executing and attempting to execute the scheme and artifice to defraud described above, did knowingly transmit and cause to be transmitted in interstate commerce by means of a wire communication, certain signals, signs and sounds, as set forth below:

| COUNT | DATE | DESCRIPTION | INTERSTATE WIRE COMMUNICATION DETAILS |
|---|---|---|---|
| 2 | December 15, 2020 | Maryland Department of Labor unemployment insurance claim in the name of Ryan Dales | From Maryland to a location outside of Maryland |

18 U.S.C. § 1343
18 U.S.C. § 2

4

## FORFEITURE

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 924(d) and 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under any of the offenses alleged in this Indictment.

### Firearm Forfeiture

2. Upon conviction of the offense alleged in Count One, the defendant,

**RYAN E. DALES**,

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms involved in the offense.

### Wire Fraud Forfeiture

3. Upon conviction of the offense alleged in Count Two, the defendant,

**RYAN E. DALES**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

### Property Subject to Forfeiture

4. The property to be forfeited includes, but is not limited to, the following:

   a. a Smith & Wesson firearm, S/N: HDW0599; and

   b. a money judgment in the amount of proceeds the defendant obtained as a result of the scheme to defraud.

### Substitute Assets

5. Pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), if any of the property described above as being subject to forfeiture, as a result of any act or omission by the Defendant:

5

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been comingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the Defendant up to the value of the property charged with forfeiture in the paragraphs above.

18 U.S.C. § 924(d)
18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: 1/25/2023