UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| V. | * | Cr. No. GLR-22-026 |
| RYAN DALES | * | |
| Defendant | * | |
| For: RYAN DALES | * | |

### MOTION TO SUPPRESS EVIDENCE AND STATEMENTS OBTAINED FROM INVALID SEARCH WARRANT

Defendant, RYAN DALES, by his undersigned counsel, hereby moves this Honorable Court to suppress all evidence seized on January 20, 2023, from 900 East Fort Avenue, Apartment 537, Baltimore, Maryland in violation of his Fourth Amendment Rights, and and any statements made by him as a result of the invalid warrant and as grounds states:

1. Ryan Dales is charged with various offenses related to unemployment insurance fraud and weapons and drug offenses.

2. On January 20, 2023, law enforcement agents, including Baltimore City homicide detectives, executed a search warrant that had been issued two days earlier at 900 East Fort Avenue, Apartment 537, an address registered to Mr. Dales.  The warrant was issued on January 18, 2023.  The affidavit filed in support of the warrant contains no information related to any crime after September, 2021, sixteen months before the affidavit was filed and was therefore lacking of probable cause at the time it was issued.

3. "The fourth amendment bars search warrants issued on less than probable cause, and there is no question that time is a crucial element of probable cause." *United States v. McCall*, 740 F.2d 1331, 1335 (4th Cir. 1984). A valid search warrant may issue only upon allegations of "facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." *Sgro v. United States*, 287 U.S. 206, 210-11 (1932).

4. A warrant may be "suspect because the information on which it rested was arguably too old to furnish 'present' probable cause." *Id*. The question to be decided is "did the facts alleged in the warrant furnish probable cause to believe, <u>at the time the search was actually conducted</u>, that evidence of criminal activity was located at the premises searched?" *Id*. (emphasis added).

5. The staleness of the probable cause contention depends, in large part, on whether "criminal activity alleged in the warrant is not ongoing in nature, nor the evidence sought intrinsically likely to remain at the location where it was originally observed…" *Id*.

6. The affidavit in support of the warrant alleges three separate offenses, but the latest criminal act alleged is that in September, 2021, the Maryland Department of Labor paid out unemployment benefits to Dales.[1]

---

[1] The unemployment fraud is charged in the instant indictment, the other two alleged crimes are not. The search warrant affidavit also discusses an EIDL fraud that occurred in December, 2020, when Dales lived at the halfway house, and a PPP fraud that occurred in March, 2021. No activity on either of these alleged offenses is claimed after March, 2021. Thus, the September, 2021, time frame is the latest alleged in the affidavit. The indictment, however, alleges other crimes, including drug and gun offense and identity theft, all of which arise from evidence found during the search on January 20, 2023, and are not mentioned in any way in the January 18, 2023, affidavit.

7. All of the probable cause in the affidavit relates activity prior to September, 2021.

8. Nearly all of the activity addressed in the affidavit is claimed to have occurred not when Dales lived at 900 East Fort Avenue, but when he lived at the Volunteers of America at 5000 East Monument Street in Baltimore.

9. The affidavit does not allege <u>any</u> illegal activity occurring at 900 East Fort Avenue.

10. That fact, coupled with the sixteen months between any allegation of illegal activity and the search of Dales' residence renders the affidavit insufficient.

11. At a minimum, the affidavit fails to meet the mandatory requirement identified in *Srgo*, that " it is manifest that the proof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time."  *Srgo*, at 210.

12. Thus, even if false unemployment claims were filed in December, 2020, and paid as late as September, 2021, those payments were made a full sixteen months before the search warrant was executed.  Simply put, the affidavit lacks any facts in this case that would indicate that law enforcement had evidence that evidence of this crime would ever be found at the defendant's property.

13. Here, the affidavit in support of the warrant alleges neither an ongoing crime nor allegations that evidence of the alleged crime would still be at the defendant's property.

14. Because the affidavit is wholly lacking in current probable cause, *United States v. Leon*, 486 U.S. 897 (1984) is inapplicable here. *See United States v. Dequasie*, 373 F.3d 509, 519-520 (4th Cir. 2004), *quoting Leon*, at 923.

15. Consequently, "evidence seized pursuant to a warrant supported by "stale" probable cause is not admissible in a criminal trial to establish the defendant's guilt." *McCall*, at 1336.

16. Further, as a direct result of the execution of the warrant, Mr. Dales was subsequently interrogated and made allegedly incriminating statements.

17. As fruit of the illegal search, those statements must be suppressed as well.

18. For all of the reasons stated in the instant motion, the defendant's subsequent statements must be suppressed as the fruit of the initial illegal activities. *Brown v. Illinois*, 422 U.S. 590 (1975), *Dunaway v. New York*, 442 U.S. 200, 216-219 (1979), *Davis v. Mississippi*, 394 U.S. 721, 726 (1969), *Wong Sun v. United States*, 371 U.S. 471 (1963).

WHEREFORE, defendant, RYAN DALES, moves this Honorable Court to suppress all evidence seized on January 20, 2023, from 900 East Fort Avenue, Baltimore, Maryland, in violation of his Fourth Amendment Rights, and and any statements made by him as a result of the invalid warrant

Respectfully submitted,

_____/s/_____
Richard Bardos
Schulman, Hershfield & Gilden, P.A.
1 East Pratt Street, 9th Floor
Baltimore, Maryland 21202
(410) 332 0850

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 10th of October, 2023, a copy of the foregoing Motion was served electronically by ECF to: Office of the United States Attorney, 36 South Charles Street, Fourth Floor, Baltimore, Maryland 21201 and all defense counsel.

_____/s/_____
Richard Bardos