UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| V. | * | Cr. No. GLR-23-026 |
| **RYAN DALES** | * | |
| **Defendant** | * | |
| **For: RYAN DALES** | * | |

### DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PORTIONS OF KEITH SOKOLOWSKI'S TESTIMONY

RYAN DALES, by his undersigned counsel, respectfully submits this motion to *in limine* to preclude certain portions of Task Force Officer Keith Sokolowski's testimony and as grounds states:

As part of its required expert disclsoures, the Government has providd a letter that details the expected testimony of Task Force Officer Keith Sokolowski, proposed as an expert in drug trafficking.   Therein, the Government provides many areas of this expert's testimony that are both consistent with his experience and relevant to this case.   However, also contained in the report is testimony unrelated to the instant charges and that testimony should be excluded.

Federal Rules of Evidence provides that evidence is only relevant if "**(a)** it has any tendency to make a fact more or less probable than it would be without the evidence; and **(b)** the fact is of consequence in determining the action."   Rule 402 excludes any proposed evidence that fails this test: "irrelevant evidence is not admissible."   Against this backdrop, the Court is asked to exclude any testimony in this case about heroin.

Mr. Dales is charged with possession with the intent to distribute fentanyl. Items were seized from his apartment that a Government expert has examined and will testify contain fentanyl. Nothing seized, examined or alleged in this case involves heroin. This case is not a general conspiracy case in which the main drug for this defendant was fentanyl but others in the conspiracy might have been selling heroin. The only evidence related to the drug charge concerns fentanyl.

Thus, any testimony concerning heroin would not meet the admissibility requirements of Rules 401 and 402 and should be excluded. For the Court's reference, attached hereto as Exhibit 1 is a copy of Sokolowski's report with the parts objected to highlighted in yellow.

## CONCLUSION

WHEREFORE, RYAN DALES moves this Honorable Court to exclude certain portions of Keith Sokolowski's testimony.

                                                  Respectfully submitted,

                                                  _____/s/_____
                                                  Richard Bardos
                                                 Schulman, Hershfield & Gilden, P.A.
                                                 1 East Pratt Street, 9th Floor
                                                 Baltimore, Maryland 21202
                                                 (410) 332 0850

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd of November, 2024, a copy of the foregoing was served electronically by ECF to: Office of the United States Attorney, 36 South Charles Street, Fourth Floor, Baltimore, Maryland 21201 and all defense counsel.

                                                 _____/s/_____
                                                 Richard Bardos